**UNITED STATES v. UNION CONCRETE PIPE CO.**

Civ. A. No. 351.

United States District Court
S. D. West Virginia, Huntington Division.

Nov. 3, 1950.

A. Garnett Thompson, U. S. Atty., of Charleston, W. Va., and Philip A. Baer, Asst. U. S. Atty., of Huntington, W. Va., for plaintiff.

John T. Diederich and Chesley A. Lycan, both of Ashland, Ky., for defendant.

WATKINS, District Judge.

This is an action under the Renegotiation Act, 50 U.S.C.A.Appendix, § 1191, Renegotiation Act, § 403 to recover alleged excessive profits on war contracts. Two questions remaining in this case to be decided are (1) the amount of interest to be charged, and (2) the date from which interest should run.

This court has decided both of these questions under similar facts and circumstances. In a well considered opinion, this court, speaking through Judge Moore, decided that the rate of interest to be charged on the excessive profits should be six per cent, and that interest should run from the date on which the Under Secretary of War demanded payment of the amount of excessive profits found by him to be due. United States v. Strontium Products Co., D.C., 68 F.Supp. 886. I find nothing in the facts of this case to distinguish it from the Strontium Products Company case. For the reasons stated by this court in that case, plaintiff is entitled to recover from defendant the sum of $6,300.00, with interest at six per cent from December 22, 1944,[1] until paid, and costs.

In his brief counsel for defendant says that since the Tax Court, upon appeal from the determination of the amount of the excessive profits, merely found the excessive profits to be $6,300.00, but said nothing about interest, no interest can now be

---

1. The Under Secretary of War, by letter dated December 19, 1944, demanded payment on or before December 22, 1944, of the excessive profits.

collected. There is no merit in this contention.

The Tax Court considered and decided only the amount of excessive profits. It did not consider, and had no right to consider the amount of interest, if any, due from defendant. It did not attempt to adjudicate the amount of the debt owing by the defendant to the government. See Greaves v. War Contracts Price Adjustment Board, 1948, 10 T.C. 886 where the Tax Court said: "It is apparent from the foregoing that the jurisdiction of this Court is limited to the determination of the amount of excessive profits, if any. The amount of interest which the Board may collect, rightly or wrongly, is a measure of damages for the withholding of moneys which it determined to be due and owing to the United States, and is not excessive profits or an increase in the amount of excessive profits. This Court is without jurisdiction, therefore, to decide whether the assessment and collection of interest by the Board on defaulted refunds of excessive profits is authorized."

An order may be entered in accordance with this opinion.